UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

Kathleen Lotufo, on behalf of herself and
all others similarly situated

Civil Action No.

                              Plaintiffs,

**CLASS ACTION
COMPLAINT**

        v.

MIDLAND CREDIT MANAGEMENT, INC
and MIDLAND FUNDING, LLC

**NO JURY TRIAL
DEMANDED**

                              Defendants.
-----------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against

Defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all

others similarly situated, alleges as follows:


**INTRODUCTION**

1. Kathleen Lotufo ("Plaintiff"), on her own behalf and on behalf of the class she seeks to

   represent, brings this action to secure redress for the debt collection practices utilized by Midland

   Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MF") (collectively

   "Defendants") in connection with their attempts to collect alleged debts from herself and others

   similarly situated.

2. Plaintiff alleges that MCM and MF's collection practices violated the Fair Debt Collection

   Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any

   false, deceptive or misleading statements made in connection with the collection of a debt; unfair

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

    i. The acts giving rise to this lawsuit occurred within this District; and

    ii. Defendants do business within this District.

## PARTIES

7. Plaintiff, Kathleen Lotufo, is an individual natural person who at all relevant times resided in the City of Richmond Hill, County of Queens, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, MF, is a Delaware Limited Liability Company, with its principal place of business located at 2365 Northside Drive, Suite 300 San Diego, CA 92108.

10. MF is a purchaser of defaulted debt. MF's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

11. The principal purpose of MF is the collection of debts using the mail and telephone.

12. Debt collection is the principal purpose of MF's business.

13. Debt collection is MF's only business.

14. MF exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

15. MF does not offer or extend credit, they only purchase defaulted debt and then attempt to collect said debt.

16. MF is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

17. Defendant MCM is a Kansas Corporation with its principal place of business located at 2365 Northside Drive, Suite 300 San Diego, CA 92108.

18. The principal purpose of MCM is the collection of debts using the mail and telephone.

19. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. MCM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

21. MF is vicariously liable for MCM's conduct. An entity which itself meets the definition of "debt collector" may be held vicariously liable for unlawful collection activities carried out by another on its behalf. *See e.g.,* Okyere v. Palisades Collection, LLC, 2013 WL 1173992, at *6 (S.D.N.Y. Mar. 22, 2013); Fritz v. Resurgent Cap. Servs., LP, 955 F.Supp.2d 163, 177 (E.D.N.Y. 2013).

## FACTS

22. Sometime prior to September 2016, Plaintiff allegedly incurred a debt to Synchrony Bank (the "Debt").

23. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card with Synchrony Bank

24. The Debt arose out of a consumer credit card account which Plaintiff opened in order to pay for her personal and household items.

25. The Synchrony Bank credit card was neither opened nor used by Plaintiff to pay for business expenses.

26. The personal credit card obligation originally owed to Synchrony Bank is a "debt" as defined by 15 U.S.C. §1692a(5).

27. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

28. After the Debt went into default, the Debt was purchased by MF.

29. MF purchased the Debt for less than the full amount owed and then sought to collect the full amount allegedly owed on the Debt.

30. At a time known only to MCM, Plaintiff's Debt was placed with them for collection.

31. MCM contends that the Debt is past-due and in default.

32. The Debt was past-due and in default when it was placed with MCM for collection.

33. At all times relevant hereto, MCM acted in an attempt to collect the Debt.

34. On or about September 30, 2016, MCM mailed or caused to be mailed a letter to Plaintiff. (Annexed and attached hereto as **Exhibit A** is a true copy of the letter dated September 30, 2016 sent by MCM to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address in order to protect their privacy)

35. MCM mailed the September 30, 2016 letter attached as Exhibit A as a part of their efforts to collect the Debt.

36. Plaintiff received the letter attached as Exhibit A in the mail.

37. Plaintiff reviewed the letter attached as Exhibit A upon receipt of the letter in the mail.

38. Exhibit A seeks to collect the Debt.

39. Exhibit A conveyed information regarding the alleged debt, including the identity of the current owner, the original creditor, and a current balance.

40. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

41. The letter attached as Exhibit A states in relevant part:

> **LET US HELP YOU!** If the account goes to an attorney, our flexible options may no longer be available to you."

42. Plaintiff, as would any least sophisticated consumer, believed that MCM would no longer allow settlement or payment for an amount less than the full balance once their account was forwarded to an attorney.

43. In fact, MCM routinely offers flexible payment options after forwarding an account to an attorney.

44. It is the practice and pattern of MCM to always offer flexible payment options, even after a lawsuit has been commenced.

45. Contrary to the statement referenced in Paragraph 41 of this complaint, MCM never intended to no longer make flexible payment options available to Plaintiff.

46. MCM's debt collection practice is largely automated and utilizes standardized form letters.

47. On information and belief, the September 30, 2016 letter attached as Exhibit A is a mass-produced, computer generated form letter that is prepared by MCM and MF and mailed by MCM to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

48. MCM mailed or caused to be mailed letters in the form of Exhibit A over the course of

the past year to hundreds of New York consumers from whom they attempted to collect a

consumer debt on behalf of MF.

49. It is MCM's policy and practice to send written collection communications, in the form

exemplified by Exhibit A, in an attempt to collect consumer debts of behalf of MF, which

falsely threaten that flexible payment options may no longer be available once an account

goes to an attorney.

50. MCM used the same procedures it used in sending the letter attached as Exhibit A when

sending the same and/or similar letters to other New York consumers.

### CLAIMS FOR RELIEF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (15 U.S.C. §1692e)

51. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

52. The conduct of MCM in this case violates 15 U.S.C. §§1692, 1692e(5), and 1692e(10).

53. 15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

54. In considering whether a collection notice violates the FDCPA, Courts in the Second Circuit

apply the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d

Cir. 1993).

55. The letter attached as Exhibit A violates 15 U.S.C. §1692e(5) because MCM threatened an action that it did not intend to take when it stated to Plaintiff in the letter attached as Exhibit A that if their account goes to an attorney, flexible payment options may no longer be available to her. This was untrue because MCM never intended to make flexible payment options regarding the Debt unavailable to Plaintiff if their account was sent to an attorney. As such, MCM violated 15 U.S.C. §1692e(5).

56. The letter attached as Exhibit A violates 15 U.S.C. §1692e(10) because in making the Plaintiff think that flexible options would no longer be available to her once her account went to an attorney, MCM used a false representation and deceptive means to attempt to collect the Debt.

57. Courts have held that identical language in MCM's collection letters to the one Plaintiff received (see Exhibit A) violate 15 U.S.C. §§1692e(5) and 1692e(10). See Haddad v. Midland Funding, LLC and Midland Credit Management, Inc. 2017 WL 1550187 (N.D. Illinois, Eastern Division May 1, 2017).

58. The violations of the FDCPA described herein constitute per se violations.

59. Plaintiff has alleged a particularized injury because the letter attached as Exhibit A was mailed and directed to her.

60. Plaintiff has alleged a concrete harm because Section 1692e of the FDCPA, unlike other statutory schemes, creates a substantive right to be free from abusive debt communications and Defendant's violation of that provision of the FDCPA results in concrete harm to Plaintiff. See Bautz v. ARS National Services Inc., 2016 WL 7422301 (E.D.N.Y. Dec. 23, 2016); Papetti v. Doe, 2017 U.S. App. LEXIS 9165 (2d Cir. May 26, 2017) (Summary Order).

61. Be reason thereof, MCM is directly liable to Plaintiff and the proposed class for judgment that MCM's conduct violated 15 U.S.C. §1692e and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k. MF is vicariously liable for MCM's conduct in violating the FDCPA.

## CLASS ALLEGATIONS

62. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

63. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter from MCM in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) regarding a debt originally owed to Synchrony Bank (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action (g) which letter contained the same or similar language: "If the account goes to an attorney, our flexible options may no longer be available to you."

65. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

66. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

i. **<u>Numerosity</u>**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. The allegations herein involve a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by MCM and MF.

ii. **<u>Common Questions Predominate</u>**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of MCM's identical conduct particular to the matter at issue; (b) MCM's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **<u>Typicality</u>**: Plaintiff's claims are typical of those of the class they seek to represent. The claims of Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of MCM and MF. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each absent class

member. Plaintiff asserts identical claims and seeks identical relief on behalf of the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff, nor their counsel, have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

67. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

68. A class action is superior for the fair and efficient adjudication of this matter, in that:

    i.      Individual actions are not economically feasible;

    ii.     Members of the class are likely to be unaware of their rights;

    iii.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against MCM and MF for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that MCM and MF violated 15 U.S.C. §§1692e, 1692e(5), 1692e(10);

3. An award of statutory damages for Kathleen Lotufo and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
August 8, 2017

THE PLAINTIFF

/s/ Ryan Gentile

By:_____
        Ryan Gentile, Esq.
        Law Offices of Gus Michael Farinella PC
        *Attorney for Plaintiff*
        110 Jericho Turnpike – Suite 100
        Floral Park, NY 11001
        Tel: (212) 675-6161
        Fax: (212) 675-4367
        rlg@lawgmf.com

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile

By:_____

Ryan Gentile